MARIO DE ASIS *vs.* FRAM CORPORATION.

DECEMBER 9, 1949.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an employee's petition to review a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300, article III, §13, as amended by public laws 1941, chap. 1064. From a decree of the superior court denying and dismissing such petition, the petitioner has appealed to this court. He contends thereunder that the trial justice erred in several rulings during the trial, hereinafter specified; that he erred in applying the law to the facts shown by the evidence; that his findings of fact are contrary to the law and the evidence; and that his decision on the facts is erroneous in law.

The chief questions raised by the reasons of appeal are whether the superior court has jurisdiction to review an agreement on the ground that the payments provided thereunder are based upon an erroneous wage rate, and if so, may the trial justice receive evidence tending to show that a different rate than the one stated in the agreement is correct. And if he may, whether such rate is determinable from the wages received at the time of the accident by the employee from all employers and not solely from the employer in whose service he was injured. If those questions are answered in the affirmative then a further question arises whether there is any legal evidence in the record to support the trial justice's finding that petitioner "failed to establish that he has, since June 26, 1945, suffered any incapacity for work, either total or partial, in accordance with the provisions of the Workmen's Compensation Act."

Petitioner was injured by an accident arising out of and in the course of his employment by the respondent as a chef on November 8, 1944. He nevertheless continued to

work until January 2, 1945 when he had to cease because the painfulness of his injury had totally incapacitated him. Thereafter he entered into an agreement with the respondent that his total incapacity was due to the accident and consisted of "Torn ligament neck & left shoulder." The director of labor duly approved such agreement and also a settlement receipt in which petitioner acknowledged receipt of $500 from respondent in satisfaction of all claims for compensation on account of such injury, subject to review as provided by law. Such payment was at the rate of $20 a week for the period from January 2 to June 25, 1945 and was based upon average weekly wages of $50. The agreement recited that petitioner had returned to work at his regular wages on June 26, 1945.

In March 1947 petitioner sought to review such agreement by filing a petition in the office of the director of labor. The petition as filed, however, sought only a review of the petitioner's incapacity for work. In that office leave to amend was granted, so that the question of an alleged erroneous wage rate used in computing compensation was also presented by the petition. As thus amended a hearing on the petition was had and thereafter the director of labor denied petitioner's claim of an erroneous wage rate but held that he was partially incapacitated from earning full wages. From such decision respondent appealed to the superior court and the whole proceeding was there heard *de novo*.

Respondent contended in the superior court that since petitioner had not renewed his motion to amend the petition in that court the cause was there only on the petition as originally filed. It further contended that the wage rate was the heart of the agreement and could not be altered under a petition for review. After some argument by petitioner that article III, §13, of the workmen's compensation act, as amended, expressly provided for a review of an agreement on the ground "that the weekly compensation payments have been based upon an erroneous

wage rate" and that he was entitled to have that issue tried in the superior court by virtue of his petition as amended in the office of the director of labor, the trial justice ruled that the amended petition was properly before him. However, it appears that he rejected in substance the petitioner's contention by declining to hear evidence of a wage rate different from that which was specified in the agreement. The ground of such ruling was that he was bound by the agreement.

Pursuant to that ruling he excluded evidence tending to show that the weekly wage rate of $50 specified in the agreement was erroneous. The hearing thereafter proceeded solely on the issue of whether the petitioner was incapacitated from earning full wages in that amount since June 25, 1945, the terminal date of the period for which compensation had been paid by the respondent according to the settlement receipt. On that issue the trial justice found that petitioner had suffered no loss of earning capacity as a result of his injury, it appearing that he had thereafter at times actually earned in the employment of other employers wages equal to and in some periods in excess of $50 a week. Apparently the trial justice considered that whether or not the petitioner was physically able to use his left arm or was now able to perform all the duties of a chef as fully as before the accident was of no consequence if it otherwise appeared he was earning wages as great as or greater than those he received from the employer in whose service he was injured. On the assumption that the wage rate specified in the agreement was binding upon the trial justice his conclusion in the above respect was probably correct, but the paramount question here is whether he erred in making such assumption and thereafter in excluding evidence on the issue that the wage rate of $50 a week was erroneous.

Respondent contends that petitioner is not entitled to be heard here on his reason of appeal which raises that question because he did not have his objection to such

ruling noted on the record. Petitioner admits he did not expressly request that such an objection be noted and no notation appears of record, but he contends that the statute, art. III, §7, does not by any fair intendment of its language require such a formality, at least after the question has been raised on the record and extended argument has been had prior to the ruling by the trial justice. The pertinent part of that section reads as follows: "Any person aggrieved by the final decree of the superior court under this chapter may appeal to the supreme court upon any question of law or equity decided adversely to the appellant by said final decree or by any proceeding or ruling prior thereto appearing of record, the appellant having first had his objections noted to any adverse rulings made during the progress of the trial at the time such rulings were made, if made in open court and not otherwise of record."

We are of the opinion that respondent's contention rests upon a construction of the statute that is unnecessarily technical and not reasonably required by its language. As we read it the requirement of notation of objection is imposed only if the rulings were made in open court and are "not otherwise of record." Here the rulings are of record as are also the contentions of petitioner adverse thereto which he now seeks to argue under his specific reasons of appeal. This constitutes adequate notice to the respondent and to this court of the identity of the questioned ruling. It does not in any way, as far as we can see, impede an orderly and expeditious consideration of the alleged errors brought here by the petitioner's reasons of appeal, and represents substantial compliance with the intent and purpose of art. III, §7, of the act.

Recurring now to the question raised by the reasons of appeal, we are of the opinion that the trial justice erred in not receiving evidence tending to prove the allegation in the amended petition for review that the compensation paid under the agreement was based upon an erroneous

wage rate. It is not correct to say that on such a petition the court is bound by the wage rate specified in the agreement. If that were so the issue of an erroneous wage rate set out in an agreement could never be revised for error therein, notwithstanding the express provisions of art. III, §13, of the act, as amended, which provides that at any time after the date of the approval of an agreement it may be reviewed by the director of labor on the ground "that the weekly compensation payments have been based upon an erroneous wage rate." In view of that provision, there can be no question, in our opinion, of the right of the petitioner under a petition for review to have such issue determined in the first instance by the director of labor and on appeal by the superior court.

It is true we have held that an agreement approved by the director of labor has the force and effect of a decree and cannot be appealed from except for fraud. *Airedale Worsted Mills, Inc.* v. *Cote,* 75 R. I. 361. But we have never held that an alleged erroneous wage rate specified in such an agreement could not be reviewed under a petition filed in accordance with the above-quoted provision of art. III, §13. Indeed, in the recent case of *Vick* v. *Aubin,* 73 R. I. 508, we intimated that such was the correct procedure, although there the petitioner had failed to allege in his petition the ground of an erroneous wage rate and therefore was not entitled to be heard upon it. In the instant case, as the trial justice observed at the outset of the hearing in the superior court, the question of the wage rate is raised by the amended petition. It was, therefore, his duty to hear it.

Having decided that he erred in not doing so, the next question posed by the petitioner for our determination is whether or not the correct wage rate that should have been used in computing his compensation under the agreement was that based on the average weekly wages received by him from the respondent in whose employ he was injured or a rate based on the combined average weekly earnings

from all employments in which he may have been engaged at the time of the accident.

We are of the opinion that we do not reach that question if we confine ourselves to the proper limits of this appeal. That question is one of law to be decided in the first instance by the trial justice on all the evidence relevant to the question of what were the petitioner's average weekly earnings at the time of the accident within the meaning of art. II, §13 (a), of the workmen's compensation act, as amended. Until that question is determined in the superior court we refrain from expressing any opinion thereon. The proper time for this court to pass upon the question is when the whole record is here containing the evidence, if any, of earnings from employers other than the respondent.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for a further hearing, in accordance with this opinion, on the issue of an erroneous wage rate.

*Philip S. Knauer, William J. George,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.