By order:<br>RAYMOND A. McCABE,<br>Clerk

*Aram A. Arabian,* for petitioner.

DOMENIC SANTILLI *vs.* LIBERTY MUTUAL INSURANCE COMPANY.

NOVEMBER 12, 1957.

PRESENT: Condon, Andrews and Paolino, JJ.

PAOLINO, J. This is an employee's original petition for compensation under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. After our opinion was filed, *Santilli* v. *Liberty Mutual Ins. Co.*, 85 R. I. 305, 131 A.2d 235, the petitioner filed a motion for leave to reargue. This was granted but only on the question of the number of weeks for which he should be paid specific compensation for the loss of his leg. *Santilli* v. *Liberty Mutual Ins. Co.*, 85 R. I. 316, 131 A.2d 685. The case is before us on that issue only.

The pertinent facts are set forth in the cases of *Santilli* v. *Original Bradford Soap Works, Inc.*, and *Santilli* v. *Liberty Mutual Ins. Co.*, 85 R. I. 305, 131 A.2d 235. The petitioner's appeals were denied and dismissed in both cases. In the instant proceeding we are concerned only with the case against Liberty Mutual Insurance Company, and particularly with that portion of the full commission's decree ordering respondent to pay specific compensation for 100 weeks.

It appears from the record that in the case against Liberty Mutual Insurance Company, the single commissioner awarded petitioner the sum of $15.73 a week for 100 weeks, commencing November 25, 1953, for the loss of his left leg above the knee. Upon appeal this award was subsequently affirmed by the full commission, and thereafter both parties appealed to this court. In that appeal petitioner claimed that the commission erred in awarding him specific compensation for 100 weeks instead of for 255 weeks as required by the provisions of the workmen's compensation act.

The respondent concedes that the law in effect both at the time of the original injury and also at the time when petitioner lost his leg provided for the payment of specific

compensation for the period of 255 weeks for the loss of either leg at or above the knee. Nevertheless, respondent argues now, as it did in the original appeal, that petitioner, by neglecting to specifically point out in his reasons of appeal to the full commission the error of the single commissioner, did not preserve his right to attack the failure of the single commissioner to award specific compensation for the number of weeks provided for under the act.

In our original opinion, after carefully examining the reasons of appeal filed by petitioner both in his appeal to the full commission as well as in his appeal to this court, we decided that the reasons of appeal did not satisfy the requirements of P. L. 1954, chap. 3297, article III, sec. 3 (g), of the act and consequently rejected petitioner's appeal on this point.

The petitioner presently contends that, notwithstanding the absence of a specific reason of appeal expressly pointing out to the full commission the error of the single commissioner, he should be awarded what he was entitled to under the statute, namely, specific compensation for 255 weeks for the loss of his leg. In substance he argues that to do otherwise would be unreasonable and unjust.

On the other hand respondent argues that under the provisions of said art. III, sec. 3 (g), petitioner cannot now raise an issue which was not covered by specific reasons of appeal to the full commission or this court. It relies on *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335, 116 A.2d 181, and *Plouffe* v. *Taft-Peirce Mfg. Co.,* 80 R. I. 397.

After careful reconsideration, it is our opinion that the instant issue is not controlled by our decisions in those cases. The issue involved in *Brown & Sharpe Mfg. Co.* v. *Lavoie* was evidentiary in nature. It involved an appeal from a ruling of the single commissioner admitting a medical report without giving the employee an opportunity to cross-examine the medical examiner. We there held that the employee's failure to raise that issue by a specific reason

of appeal to the full commission precluded him from raising such question on appeal to this court from a decree of the full commission affirming the decree of the single commissioner.

Likewise we are unable to agree with respondent's contention that the instant case is governed by *Plouffe* v. *Taft-Peirce Mfg. Co., supra.* The facts in that case differ materially from those here. The *Plouffe* case involved a final decree from which no appeal had been taken and we held that the issue was therefore res adjudicata, since the final decree in question had become the law of the case.

The issue raised in the instant case involves neither a ruling on the admissibility of evidence nor the correctness of the terms of a final decree which has ripened into the law of the case by virtue of the doctrine of res adjudicata. The single commissioner, having found as a fact that petitioner was entitled to specific compensation for the loss of his leg, had nothing further to determine judicially with respect to the number of weeks petitioner was to receive specific compensation. The workmen's compensation act expressly provides that for the loss of either leg at or above the knee there *shall* be paid in addition to and concurrently with all other compensation provided for in the act a weekly payment equal to one half of the average weekly earnings of the injured employee, but in no case more than $20 nor less than $8 a week *for a period of 255 weeks.*

It would obviously be a grave injustice to deprive the petitioner of benefits for the full period specifically provided under the act. See *Fourth National Bank of New York* v. *Francklyn,* 120 U.S. 747, 751, where Mr. Justice Gray, speaking for a unanimous court, stated:

"In the court below, statutes and decisions of Rhode Island were agreed or proved and found as facts, in seeming forgetfulness of the settled rule that the Circuit Court of the United States, as well as this court on appeal or error from that court, takes judicial no-

tice of the laws of every state of the Union. *Hanley* v. *Donoghue,* 116 U.S. 1, 6, and cases there collected. No reference was made to the statute of 1877, c. 600, to which the plaintiff has now referred, and which repeals and modifies in some respects the statutes agreed and found in the record to be still in force; and it is contended for the defendant that this court should not review a judgment on a ground which was not presented to the court below. That is doubtless the general rule. *Klein* v. *Russell,* 19 Wall. 433; *Badger* v. *Ranlett,* 106 U.S. 255. But it would be unreasonable to apply it when the effect would be to make the rights of the parties depend upon a statute which, as we know, and are judicially bound to know, is not the statute that governs the case."

See also *Struthers* v. *Peckham,* 22 R. I. 8, 13.

It is therefore our opinion that the full commission's decree should be modified and the respondent ordered to pay compensation for 255 weeks as specifically provided by the statute.

On November 18, 1957 the parties may present to this court for approval a form of decree, in accordance with our former opinion as modified by this opinion, for entry by the workmen's compensation commission.

*John Quattrocchi, Jr.,* for petitioner.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for respondent.