JOHN R. LANDRY *vs.* CORNELL CONSTRUCTION COMPANY.

DECEMBER 30, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an employee's petition to amend a preliminary agreement by increasing the weekly compensation of $28 therein expressly provided to $32 per week from and after November 1, 1954. From a decree of the workmen's compensation commission denying and dismissing the petition, the petitioner has appealed to this court.

The petitioner sustained an injury arising out of and in the course of his employment on July 22, 1954. Thereafter an agreement was entered into in accordance with the provisions of public laws 1954, chapter 3297, article III, section 1, between the petitioner and the respondent whereby it was agreed that the petitioner was totally incapacitated by the injury and that the respondent should pay him workmen's compensation at the rate of $28 per week for the duration of such incapacity. This agreement was approved by the director of labor on October 27, 1954 and respondent has fully complied with the terms thereof.

However, on October 22, 1956 petitioner, claiming the right to do so by virtue of the aforesaid art. III, section 1, filed the instant petition to have the commission amend such agreement to make it conform to the provisions of chap. 3297, art. II, sec. 10, which expressly fixes the maximum weekly benefit for total incapacity at $32 per week effective after November 1, 1954. It appears that chap. 3297, except secs. 6, 10, 11, and the first paragraph of sec. 12 of art. II, became effective on July 1, 1954, twenty-one days prior to the date of petitioner's injury. See P. L. 1954, chap. 3297, sec. 4. That section contains the following proviso: *"provided, however,* that the benefits payable pursuant to sections 6, 10, 11, and the first paragraph of section 12 of article II shall take effect on November 1, 1954, and until November 1, 1954 benefits shall be payable pursuant to the provisions of any general or special law in existence prior to said November 1, 1954."

The petitioner construes that proviso to mean that benefits payable for any injury which occurred on or after July 1, 1954 but before November 1, 1954 should be paid at the rate specified in the law as it existed prior to July 1, 1954, but only "until November 1, 1954" after which date the benefits as prescribed in chap. 3297 would go into effect and become payable. Under this construction petitioner would be entitled to $32 per week after that date. The

commission, however, rejected that construction and held that the legislature did not intend to make the new maximum rates applicable to any injuries occurring before November 1, 1954 and, therefore, petitioner was not entitled to a modification of the agreement that would provide for weekly payments of $32 after that date.

The respondent contends that such is the proper construction of the statute and it further contends that in any event petitioner cannot prevail because the commission is without jurisdiction to amend a preliminary agreement. The single commissioner adverted to this point in his decision and expressed a doubt that the commission had jurisdiction, but he added that since respondent had not raised the issue before him he would not consider it but would decide the case on the merits of the petition. The full commission concurred in the doubt expressed by the single commissioner but also elected to consider the case on its merits because the question of jurisdiction was not raised before the single commissioner.

The respondent has briefed and argued the jurisdictional point here. Since it has been thus brought squarely to our attention we are bound to consider it. A question of jurisdiction over the subject matter may be raised at any time by either party or by the court on its own motion. *State Loan Co.* v. *Barry,* 71 R. I. 188; *Streeter* v. *Millman,* 68 R. I. 456; *O'Neil* v. *Demers,* 44 R. I. 504; *David* v. *David,* 47 R. I. 304.

We are not aware of any provision in the workmen's compensation act which expressly or by necessary implication confers upon the commission the power to amend a preliminary agreement in this respect and petitioner has failed to cite any such provision. The commission is a creature of the statute and derives therefrom whatever power it may possess. The only power which it has to correct alleged errors or omissions in preliminary agreements is that provided in art. III, section 1. Relief of the nature

sought by the instant petition is not included thereunder. Nor is it included under art. III, sec. 12, which vests the commission with power to entertain petitions for review of "any agreement, award, order, finding, or decree" where it is alleged "that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage." We are, therefore, of the opinion that the petition should have been denied and dismissed for lack of jurisdiction.

The petitioner's appeal is denied and dismissed, the decree appealed from in so far as it denies and dismisses the petition is affirmed, but the workmen's compensation commission is directed to amend said decree so that the reason for such dismissal shall be for lack of jurisdiction in the commission to grant the relief prayed for.