CONRAD PEARSON *vs.* SEABOARD CONSTRUCTION COMPANY.

FEBRUARY 13, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

Powers, J. This petition for specific compensation was brought under the provisions of the workmen's compensation act. It was heard before a trial commissioner and resulted in a decree awarding such compensation for the legal loss of the left index finger and denying it for the loss of the left hand. The petitioner duly appealed to the full commission which subsequently entered a decree affirming the decree of the trial commissioner. The cause is before us on the petitioner's appeal from such decree.

He appeals from that part of the decree denying specific compensation for the loss of the left hand. His reasons of appeal are that the decree is against the law, against the

evidence, against the law and the evidence and the weight thereof and "That the Commissioner erred in finding that the petitioner has failed to prove by a fair preponderance of the evidence that his left hand has been rendered permanently stiff or permanently useless."

The respondent did not appeal from the decree of the single commissioner awarding specific compensation for the loss of the left index finger, nor from the decree of the full commission sustaining that award and consequently that question is not before us.

On June 15, 1951 petitioner, while employed by respondent, sustained an injury amounting to a complete fracture of the scaphoid bone in the left wrist. In November the parties entered into a preliminary agreement whereby petitioner was to receive $28 per week, based on an average weekly wage of $90.75, for the duration of total incapacity or until otherwise terminated pursuant to the provisions of the act.

It appears from the evidence that the fracture failed to unite and a portion of the ununited carpal scaphoid was removed. Thereafter petitioner developed traumatic arthritic changes in the wrist which caused pain and limited motion. It was decided to surgically fuse the wrist to give it more stability and ease the pain. It further appears that the operation was successful in that it accomplished the result sought. It is not denied, however, that the fusing left the wrist totally stiff and that this condition is permanent.

According to the testimony before the single commissioner, petitioner could make limited use of his left hand, such as operating a standard shift car, gripping and lifting objects weighing not more than five pounds, using a hammer, and even engaging in some heavy construction work such as operating a winch. The index finger of the left hand was admittedly more seriously impaired and was found by the commissioner to have been rendered useless within the

meaning of the statute as declared by this court in *Steele* v. *Darlington Fabrics Corp.,* 78 R. I. 272.

The petitioner's claim is governed by public laws 1947, chapter 1941, which provides: "Where any bodily member or portion thereof has been rendered permanently stiff so as to be useless, or permanently useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely."

The schedule referred to in the above quotation is set forth in general laws 1938, chap. 300, art. II, §12, as amended by P. L. 1941, chap. 1056. The pertinent provision thereof reads as follows: "(c) For the loss by severance of either hand at or above the wrist for a period of 199 weeks." No provision is made for the loss of a wrist, and the only reference thereto, "at or above the wrist," would seem to incorporate it as part of the hand.

At the commencement of the hearing on the petition the trial commissioner stated that no provision had been made for specific compensation to be awarded for the loss of a wrist rendered permanently stiff so as to be useless. Thereafter the hearing proceeded on the basis of a claim for the loss of the left index finger and possibly the entire hand.

The record is replete with testimony furnished by petitioner and Dr. G. Edward Crane that the left hand, although admittedly less useful, could nevertheless perform a number of normal functions. In *Steele* v. *Darlington Fabrics Corp., supra,* at page 276, the court stated: "If it is stiff to an extent that some useful function still inheres in it, even though it be very limited, we cannot reasonably say that it is useless within the fair intendment of the statute." The trial commissioner found as a fact from an abundance of competent evidence that the left hand was not useless and he properly applied the rule laid down in the *Steele* case.

The petitioner contends, however, that the wrist is either a portion of the hand or a separate bodily member; and that in any event he is entitled to damages by way of specific compensation, since it is undisputed that the wrist is completely and permanently stiff and as a wrist it is entirely useless. This contention is without merit. It is the positive testimony of Dr. Crane that the stiffening of the wrist by surgical fusing serves a useful purpose of giving it more stability. Furthermore, whether the wrist is considered as a portion of a bodily member or a bodily member in and of itself, the legislature has made no provision for an award of specific compensation for the loss of a wrist by reason of stiffness so as to render it useless.

The petitioner further contends, however, that the statute is remedial and should be given the broadest and most liberal construction possible, citing *LaCroix* v. *Frechette*, 50 R. I. 90, and further calling attention to *Santilli* v. *Liberty Mutual Ins. Co.*, 85 R. I. 305, 135 A.2d 834. A plethora of decisions to this effect can be cited but the more applicable expression of this court is found in *George A. Fuller Co.* v. *Schacke*, 71 R. I. 322, where at page 326 the court said: "We conceive it our duty to give meaning to the words of the statute and to leave to the legislature further liberalization which is beyond the reasonable limits of judicial construction."

The instant case is clearly one where the legislature has made no provision for an award of specific compensation in the circumstances of petitioner's claim. And furthermore there is no language in the statute by the sound judicial construction of which, however liberal, we could do other than affirm the decree as entered by the commission.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Edward I. Friedman, Vincent J. Chisholm, William R. Goldberg,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.