236 A.2d 247.

DONALD J. FOGARTY *vs.* STATE OF RHODE ISLAND.

DECEMBER 13, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition brought under G. L. 1956, §28-33-19(m), as amended, in which an employee seeks specific benefits for the loss of use of his left hand.

The claim arises out of an industrial accident wherein the thumb of the employee's left hand was severed, and the index finger of that hand severely damaged and rendered useless. Immediately following the injury, his hand had lost at least 75% of its usefulness. As a direct result of post-injury rehabilitative and plastic surgery, including a transplant of his surgically reactivated and shortened index finger to the base of the severed thumb, the hand is now only 50% useless. The case is here on the employee's appeal from a decree of the full commission affirming in part a decree in which a trial commissioner found that his left hand had lost 50% of its usefulness because of the injury and awarded him $30 per week for 122 weeks in specific benefits.

The petitioner's entitlement under other subparagraphs of §28-33-19, as amended, to specific compensation for severance losses has been resolved by a preliminary agreement. The parties agree that any payments already made as well as those still to be made pursuant to that agreement are required under *Mustapha* v. *Patton-MacGuyer Co.,* 100 R. I. 493, 217 A.2d 240, to be credited against any award in this proceeding.

The sole question is whether the percentage of employee's permanent loss of use of his left hand should be determined as of the time he sustained the injury, or alternatively as of the time when surgery was completed and medical science had accomplished all it could to remedy the damage.

The employee argues that his thumb was lost forever and his index finger rendered permanently useless at the time the injury was sustained and that such time should therefore be critical. Whatever may have happened thereafter, he says, is irrelevant to the computation of his benefits under §28-33-19(m), as amended. The employer, on the other hand, contends that the degree of permanent uselessness could not have been ascertained until all that could possibly be done to ameliorate the effects of the em-

ployee's injury had been accomplished, that is to say, until all remedial surgery had been completed and until sound medical practices had achieved their maximum potential in terms of providing recovery of use. *Tirocchi* v. *United States Rubber Co.*, 101 R. I. 429, 224 A.2d 387, supports the employer's position.

In *Tirocchi,* the worker, injured when her hands were crushed by a hydraulic press, underwent five surgical procedures including the amputation of several fingers and a transplant of her long finger to the site of an amputated index finger. At issue was at what point in time the statute of limitations began to run on the injured worker's petition for specific benefits under §28-33-19(m), as amended. In holding that the critical date was when medical science could do nothing further to assist the claimant, rather than when the injury was sustained or the post-injury surgery performed, we said in 101 R. I. 429, at 434, 224 A.2d at 391:

> "* * * In justice to both an employer as well as an employee, reason and experience recommend judicial recognition of a period of use of impaired bodily members before an opinion as distinguished from a guess can be given. We think then that in circumstances such as are here present the statute begins to run at the time sound medical opinion has it that, independent of prosthetic devices, post-surgery functional development can objectively be said to have reached its potential."

The *Tirocchi* rationale clearly controls here. A full opportunity for achieving whatever beneficial effects medical science may have on an injury must of necessity precede any determination of what has been the percentage of loss of usefulness. Until those effects can, without speculating or delving into mere possibilities, be reasonably foretold, it is impossible to ascertain what will be the percentage of the permanent loss of usefulness. *Serrecchia* v. *Atlantic Mills,* 79 R. I. 242, 87 A.2d 419. It is permanency which is essential because it is only for a *permanent* loss, not for any

loss, that the statute provides benefits.[1] Under some circumstances the *Tirocchi* rule for determining when the loss takes place may, as it did in that case, benefit an injured worker; in others, as in this case, it may deny him benefits which some other rule might make available. The factual circumstances of the particular case should not, however, be determinative. Consistency demands that the critical time be the same whether the issue be when the statute of limitations begins to run or what the basis should be for computing the percentage of a loss of use.

In *Tirocchi* we specifically excluded the use of prosthetic devices as a determinative factor in ascertaining whether post-surgery functional development had reached its maximum potential. The employee, relying on that exclusion, argues that the substitution of his index finger for a severed thumb should be equated with the furnishing of a prosthetic device. The analogy in our judgment fails. Live tissue from an injured worker's body applied by a skilled surgeon as a replacement for an injured thumb is not equatable with a prosthetic device purchased from a surgical appliance dealer. One is real; the other artificial.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

---

[1]Section 28-33-19(m) as amended by P. L. 1963, chap. 50, §1, reads:
"Where any bodily member or portion thereof has been rendered permanently stiff or useless, compensation in accordance with the above schedule shall be paid as if the member or portion thereof had been severed completely, provided, however, that if the stiffness or uselessness is less than the total, then compensation shall be paid for such period of weeks in proportion to the period applicable in the event that said member or portion thereof has been severed completely as the instant percentage of stiffness or uselessness bears to the total stiffness or total uselessness of such bodily members or portion thereof. The percentage of loss shall be computed to the nearest unit of 25%-50%-75% of loss."

*Raymond J. Surdut,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Charles G. Edwards,* Assistant Attorney General, for respondent.