258 A.2d 562.

LUCIEN E. LEBRUN *vs.* WOONSOCKET SPINNING CO., INC.
LUCIEN E. LEBRUN *vs.* WOONSOCKET SPINNING CO., INC.
LUCIEN E. LEBRUN *vs.* WOONSOCKET SPINNING CO., INC.

NOVEMBER 13, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employee's original petition for specific compensation for the permanent total loss of the use of his left hand pursuant to G. L. 1956, §28-33-19, as amended by P. L. 1963, chap. 50, sec. 1. It was heard together with two petitions filed by the employee seeking to amend a preliminary agreement for specific compensation entered into on December 29, 1966. The trial commissioner, after hearing thereon, denied and dismissed each of the petitions. The petitioner thereafter appealed to the full commission, which affirmed the action of the trial commissioner in denying and dismissing these petitions. From a decree of the full commission affirming the decision of the trial commissioner in each case, the employee is prosecuting an appeal to this court.

The record discloses that the employee, hereinafter referred to as petitioner, sustained an injury to his left forearm on September 9, 1959. On September 16, 1959, petitioner and the employer entered into a preliminary agreement, pursuant to which petitioner was to be paid compensation for a total loss of earning capacity. It is not disputed that the terms of that preliminary agreement have been fully complied with and are not involved in the issues raised in this appeal.

For some time thereafter petitioner was under the care of Dr. Joseph E. Murray, who made repeated attempts to surgically restore some use to petitioner's left hand. There is evidence in the record that a considerable number of such surgical attempts were made but that in October 1966 the surgeon concluded that further surgical intervention

would be of no avail and that petitioner's total loss of use of his left hand was permanent.

On December 29, 1966, the employer, acting through its insurance carrier, and petitioner, represented by counsel, entered into a preliminary agreement for the payment of specific compensation pursuant to the statute for the total and permanent loss of use of his left hand. This preliminary agreement provided that the specific compensation to be paid petitioner would be in the amount of $24 a week for a period of 199 weeks commencing as of October 26, 1965.

In the instant proceeding petitioner is seeking either an amendment to the preliminary agreement or an original decree awarding him specific compensation in the amount of $30 a week for a period of 244 weeks instead of the $24 for 199 weeks as was provided originally in the preliminary agreement of December 29, 1966.

It is clear that, at the time of the execution of the preliminary agreement in December 1966, the parties contemplated payment of specific compensation to petitioner pursuant to the provisions of the statute providing for specific compensation, §28-33-19, in the form in which it stood prior to its amendment in 1963 and at the time petitioner sustained the original injury to his left hand in September 1959. It would appear, then, that the parties acted on the assumption that petitioner's cause of action for specific compensation arose at the time the original injury to his left hand was sustained, that is, in September 1959.

The statute provides that specific compensation will be paid, inter alia, for the loss by severance of either hand at or above the wrist for a period of 244 weeks. The statute provides also that, whenever any bodily member or portion thereof has been rendered permanently stiff or useless, specific compensation shall be paid as if that member or portion thereof had been severed completely. The statute, in our opinion, discloses a legislative intent that an injured

worker is entitled to specific compensation provided for therein at the time when the uselessness of the bodily member or portion thereof becomes permanent.

It is not disputed that the pertinent provisions of the statute were amended in 1963 so as to provide larger payments of specific compensation under the amended statute, in effect at the time that the preliminary agreement was executed, that is, in December 1966. If the statute as amended were applicable, it is conceded that this petitioner would be entitled to payments of $30 weekly for 244 weeks.

The petitioner is now contending that his right to specific compensation arose in October of 1966 when, he argues, the surgeon concluded that the total loss of use had become permanent and not at the time of the original injury. In so contending, he relies primarily on the decision of this court in *Sherry* v. *Crescent Co.*, 101 R. I. 703, 226 A.2d 819. In that case we held that a cause of action for specific compensation accrues to an injured employee at the time of the occurrence of the condition prescribed in the statute as constituting the injury for which specific compensation is awardable.

In *Sherry* we considered the provisions of the statute which provide for specific compensation for the irrecoverable loss of sight of either eye or the reduction to 1/10 or less of normal vision with glasses, the statute equating 1/10 with a reading on the Snellen chart of 20/200. The employee in that case suffered a gradual loss of vision in one eye which ultimately reduced his vision to 20/200, and we held that, at the time when his vision was reduced to 20/200, the compensable injury had occurred and that the employee was entitled to compensation pursuant to the terms of the statute then in effect.

Here, however, we are confronted with the question of when an injured employee is entitled to specific compensation for the loss of use of a bodily member, where inter-

vening surgical procedures have produced no restoration of the use. In *Fogarty* v. *State,* 103 R. I. 228, 236 A.2d 247, we followed the rule we had laid down in *Tirocchi* v. *United States Rubber Co.,* 101 R. I. 429, 224 A.2d 387. In those cases we held that where, after sustaining an injury involving the loss of use, the employee submits to medical or surgical intervention in an effort to restore use to the bodily member or to ameliorate the injury, the time at which a determination of the permanence of the loss of use is to be made is when medical science has concluded that further such intervention would be of no avail. It is apparent from both *Fogarty* and *Tirocchi* that, whatever the proportion of the loss of use may be, it becomes permanent in these situations when sound medical opinion takes the position that science can do no more.

Applying that test, we hold that the loss of use in the instant case, conceded to be total, became permanent when in October 1966 Dr. Murray terminated his surgical endeavors, concluding that further surgery would avail petitioner nothing. It is our opinion that this is the conclusion that was reached by the commission. It is true that the commission made no specific finding in the decree which we review concerning the time when the injury became permanent. However, it is well settled that this court, in reviewing a decree of the Workmen's Compensation Commission, should construe that decree in the light of the decision of the commission. *Paolantonio* v. *Evans Plating Co.,* 101 R. I. 71, 220 A.2d 231.

In the decision, the commission said, speaking of the testimony of Dr. Murray: "We think a fair reading of the testimony of this surgeon was that the loss of use had been *total* since the date of injury but that the surgeon had hoped to be able to improve the use of the hand by the thirteen surgical procedures, and that it was not until October 5, 1966 that further hope was abandoned and the

surgeon recognized the condition as *permanent.*" We are persuaded that the commission found that petitioner's loss of use became permanent in October 1966 and that such a finding is consistent with the rule laid down in *Tirocchi* and *Fogarty.* The petitioner then would be entitled to specific compensation as provided for in §28-33-19 as amended in 1963.

We turn then to respondent's vigorously argued contention that the commission is without jurisdiction in the circumstances of this case to hear and determine an employee's original petition for compensation. With this contention, however, we do not agree. We do not pass upon the question of whether the commission has jurisdiction to amend preliminary agreements entered into by employers and employees as, in our opinion, in the circumstances here an original petition for compensation will lie. It is true that under the provisions of §28-35-3 an agreement entered into by an employer and an injured employee for compensation, upon having been approved by the director of labor, "* * * shall be as binding upon both parties as an award or order by or decree of the workmen's compensation commission." However, it must be recognized that a decree of the commission entered in excess of its jurisdiction is a nullity.

We have held that the commission is without jurisdiction, for instance, to enter a decree providing compensation in any amount other than that specifically provided for in the pertinent provisions of the statute in effect at the time the injury occurred. In *Santilli* v. *Liberty Mutual Insurance Co.,* 86 R. I. 406, 135 A.2d 834, the commission awarded compensation by error that was for a period of time shorter than that provided for by the controlling statute. There we held that, compensability having been established, the commission has no further determination to make with respect to the compensation to be paid or the

number of weeks for which it is to be continued. The amount of the compensation and the period over which it shall be paid is expressly provided for in the statute, and when compensability is established, there is no further judicial action that the commission can take to fix such an award in terms other than those provided for in the statute.

In effect, in *Santilli* we held that a decree of the commission entered in excess of its jurisdiction is a nullity. It is our opinion also that in the instant case the preliminary agreement entered into by the parties is a nullity in that it fails to provide for the payment of compensation in the amount and over the period provided for in the statute in effect in October 1966, when this petitioner's specific injury became compensable. It is our opinion that a preliminary agreement executed by the parties is invalid if it purports to provide an injured employee with less than the amount provided for in the statute. We would further note that such an agreement cannot be held to be valid merely because the injured employee entered into it voluntarily, in view of the fact that §28-33-26 provides that no employee can waive the compensation provided for him by the provisions of the statute.

We would also direct attention to §28-35-3, which, in part, requires the submission of preliminary agreements to the Director of Labor for his approval and docketing. The statute provides that such agreements, when entered into by the parties, shall be submitted in writing to the Director of Labor and that "* * * if said director of labor shall find such agreement to conform to the provisions of chapters 29 to 38, inclusive, of this title in every regard, he shall so approve it * * *." Upon such approval, validly made, it is eligible to be docketed and will be binding upon the parties.

It is to be noted in the instant case, however, that the approval of the director was without effect. The statute

requires as a condition precedent to the director's approving such agreements that he determine first whether they conform in all respects to the provisions of the pertinent statute. In the instant case, it is obvious that the agreement does not conform to the provisions of §28-33-19 as amended in 1963 in that it does not award the petitioner the amount of compensation provided therein, nor does it require that such payments be made over the number of weeks prescribed therein. We are persuaded, then, that the director was without authority to approve the purported agreement, and we conclude that the agreement was a nullity. In these circumstances an original petition for specific compensation would lie.

The petitioner's appeal is sustained, the decree appealed from in each case is overruled, and the cause is remanded to the Workmen's Compensation Commission for further proceedings in accordance with this opinion.

*Abedon, Michaelson, Stanzler and Biener, Richard A. Skolnik,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.