304 A.2d 889.
DAMIANO BROTHERS WELDING CO., INC. *vs.*
WILLIAM POULOS.

MAY 23, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an employer's petition to review a preliminary agreement establishing the employee's average weekly wage to determine compensation. The trial

commissioner denied the petition, and on appeal the full commission affirmed the decree of the trial commissioner, one commissioner dissenting. The employer has appealed to this court.

On March 27, 1970, respondent, William Poulos, was injured in the course of his employment with petitioner, Damiano Brothers Welding Co., Inc. On May 14, 1970, the employee and employer entered into a preliminary agreement establishing Poulos' average weekly wage before the injury at $264.80. The agreement was subsequently approved by the Director of Labor. Poulos received total compensation weekly until he returned to work on September 27, 1971. Poulos' salary upon returning was substantially less than it had been prior to his injury, but the employer refused to continue partial compensation based upon the average weekly wage established in the preliminary agreement. On January 7, 1972, the employer filed a petition to review the agreement, alleging that the average weekly wage was not computed according to law and should be reduced from $264.80 to $177.79.

General Laws 1956 (1968 Reenactment) §28-35-45[1] clearly establishes jurisdiction in the commission to entertain a petition for review, either upon its own motion or upon

---

[1]General Laws 1956 (1968 Reenactment) §28-35-45, in pertinent part, reads as follows: "At any time after the date of the approval of any agreement or at any time after the date of the entry of any decree concerning compensation * * * any agreement, award, order, finding, or decree may be from time to time reviewed by the workmen's compensation commission, upon its own motion or upon a petition of either party upon forms prescribed and furnished by the commission, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage. Upon such review the workmen's compensation commission may decrease, suspend, increase, commence or recommence compensation payments in accordance with the facts, or make such other order as the justice of the case may require."

a petition by either of the parties, to correct the amount of weekly compensation benefits which are based upon an erroneous average weekly wage. It is equally clear that the average weekly wage originally agreed to was not determined according to the prescribed method established in §28-33-20[2] as it was amended. It appears that the average weekly wage was computed under the law as it was written prior to the 1969 amendment.

The only issue presented by the brief in this case is the precise meaning of the language of §28-35-45 permitting the commission to review a decree "* * * upon the ground * * * that the weekly compensation payments have been based upon an erroneous average weekly wage." The respondent contends, relying on §28-35-5, that an agreement, once approved by the Director of Labor, can be reviewed only "* * * upon allegation that such agreement has been procured by fraud, coercion or mutual mistake of fact * * *." We cannot agree with respondent's contention, being of the opinion that the Legislature, in enacting §28-35-45, has clearly disclosed an intention to provide for a broader scope of review with respect to matters designated therein than it intended to grant under the limitation set out generally in §28-35-5.

---

[2]Prior to its amendment by P. L. 1969, ch. 145, sec. 1, the statute governing the computation of earnings, G. L. 1956 (1968 Reenactment) §28-33-20, provided that the average weekly wage earned by an employee at the time of the injury was to be computed on the basis of wages earned while he was working full time. The statute provided: "'Full time' shall mean not less than forty (40) times the hourly rate of wages or earnings." After amendment, however, the statute provides that "* * * the average weekly wage shall be ascertained by dividing the gross wages earned by the injured workman in employment by the employer in whose service he is injured during the thirteen (13) calendar weeks immediately preceding the week in which he was injured, by the number of calendar weeks during which, or any portion of which, such workman was actually employed by such employer * * *."

This court was confronted with such an argument in *De Asis v. Fram Corp.*, 76 R. I. 331, 69 A.2d 818 (1949). In that case we held that under the forerunner to §28-35-45[3] the petitioner was clearly entitled to review of what he alleged to be an erroneous wage rate set out in the agreement. The court makes reference to the fact that "* * * an agreement approved by the director of labor has the force and effect of a decree and cannot be appealed from except for fraud." This is undoubtedly a reference to G. L. 1938, ch. 300, art. III, §1, the section from which §28-35-5 eventually evolved. Notwithstanding this fact, the court held in *De Asis* that the language of §28-35-45 established "* * * that at any time after the date of the approval of an agreement it may be reviewed * * *" as to those matters specifically designated in that section.

In *Santilli v. Liberty Mutual Ins. Co.*, 86 R. I. 406, 135 A.2d 834 (1957), we held that a decree of the commission entered in excess of its jurisdiction is a nullity. We took the position that a preliminary agreement executed by the parties, even though it is approved by the Director of Labor, is invalid if it purports to provide an injured employee with less than the amount provided for in the statute. Likewise, we feel that such an agreement is invalid where it purports to pay an injured employee more than the amount provided for in the statute. *LeBrun v. Woonsocket Spinning Co.*, 106 R. I. 253, 258 A.2d 562 (1969).

However, it does not follow that the commission would be without jurisdiction to amend such a preliminary agreement where such action is sought on a petition to review the award under §28-35-45. As we said in *LeBrun*: "We do not pass upon the question of whether the commission has jurisdiction to amend preliminary agreements entered into by employers and employees as, in our opinion, in the

---

[3]See G. L. 1938, ch. 300, art. III, §13, as amended by P. L. 1941, ch. 1064, sec. 1.

circumstances here an original petition for compensation will lie."

In the instant case the employee did not seek to set aside the preliminary agreement as a nullity under §28-35-5, thus compelling the employee to start anew with an original petition for compensation. Rather, the employer elected to petition for a review pursuant to §28-35-45 in order to correct the computation of the average weekly wage. Under §28-35-45 the grant of authority to the commission to review erroneous computations of the average weekly wage was intended to permit the commission to determine whether such average weekly wage was erroneously computed and of necessity contemplated that the commission would have jurisdiction to order a correction of the erroneous average weekly wage. It is our opinion, then, that the cause should be remanded to the Workmen's Compensation Commission for a determination of whether the average weekly wage was erroneously computed.

The employer's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings consistent with this opinion.

Mr. Justice Joslin did not participate.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for petitioner.

*Di Mascolo & Di Petrillo, Anthony Di Petrillo,* for respondent.