316 A.2d 337.

CARMELA DE BERARDIS *vs.* DAVOL, INC.

MARCH 6, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us on the petitioner's appeal from a final decree of the Workmen's Compensation Commission.

The pertinent facts are as follows. On June 12, 1969, petitioner sustained a lower back injury while in the employ of respondent. She was paid compensation benefits for total incapacity at the rate of $45 per week for about eight weeks under the terms of a so-called non-prejudicial agreement dated July 15, 1969 and approved by the director of labor on July 24, 1969. At the end of eight weeks she returned to work and worked until October 9, 1970, when she once again became totally incapacitated and was out of work until January 15, 1971. A regular preliminary agreement was entered into between the parties on October 30, 1970. It set forth an injury date of June 12, 1969 and a second incapacity starting on October 9, 1970. This agreement provided for compensation at the rate of $45 per week for the duration of total incapacity. It was subsequently approved by the director of labor. The parties also executed a settlement receipt which shows an injury date of June 12, 1969 and an ability to return to work on January 15, 1971. The settlement agreement, which was also approved by the director of labor, states that petitioner received total disability payments of $45 per week from June 13, 1969 to July 24, 1969 and from October 9, 1970 to January 14, 1971.

On May 6, 1971, after she returned to work on January 15, 1971 and after the execution and approval of the agreements referred to above, petitioner filed the instant petition. It is an original petition for compensation benefits in which petitioner set out the date of injury as October 8, 1970. It was later amended to include two additional injury dates, namely, February 1970 and June 1, 1969. In this petition she claims that she should have been receiving

compensation under the law in existence from October 9, 1970.[1]

In her testimony before the trial commissioner, petitioner described the three separate incidents which she claimed resulted in injuries to her back. These occurred, she said, and alleged in the instant petition, on June 12, 1969, February 1970, and October 1970 in the course of her employment with respondent.

Doctor Louis A. Sage, an orthopedic surgeon, appeared as a witness for petitioner. He described the treatments he gave petitioner from June 24, 1969 until she returned to work in August 1969. He said he resumed treating her on October 19, 1970 because of her complaints of back pain. He testified that in his opinion the February 1970 incident probably aggravated her prior back condition.

The preliminary agreements and settlement receipt, which she had executed and which designated June 12, 1969 as the date of injury, were put into evidence as exhibits.

The trial commissioner made the following findings:

"1. There is outstanding between the parties a lawful preliminary agreement entered into on October 30, 1970 and duly approved by the Director of Labor.

"2. There is outstanding between the parties a settlement receipt duly executed and approved.

"3. This Commission has no jurisdiction to entertain and decide the within petition."

After noting that petitioner was making no claim of fraud in the execution and approval of the agreements mentioned above, and on the basis of his findings, he denied and dismissed the petition. The full commission affirmed.

---

[1]The reply to question 25 in the instant petition indicates that petitioner sought compensation benefits under G. L. 1956 (1968 Reenactment) §28-33-17, as amended. The benefits under that section, as amended, are higher than they were under the Act as it read in June 1969.

The case is here on petitioner's appeal from the decree of the full commission.

The petitioner argues that the commission erred in holding that it lacked jurisdiction, in the circumstances of this case, to entertain and decide the instant petition. She relies on *LeBrun* v. *Woonsocket Spinning Co.*, 106 R. I. 253, 258 A.2d 562 (1969) and *De Asis* v. *Fram Corporation*, 76 R. I. 331, 69 A.2d 818 (1949), in both of which an original preliminary agreement erroneously recorded the amount of the compensation due under the effective statute. In each case the court held that the original preliminary agreement could be corrected to conform to the actual facts.

*De Asis* involved a petition to review brought by the petitioning employee. In that case the court pointed out that the pertinent statute expressly provided:

> "* * * that at any time after the date of the approval of an agreement it may be reviewed by the director of labor on the ground 'that the weekly compensation payments have been based upon an erroneous wage rate.'" *Id.* at 336, 69 A.2d at 821.

The court then said that in view of that express statutory provision there could be no question

> "* * * of the right of the petitioner under a petition for review to have such issue determined in the first instance by the director of labor and on appeal by the superior court." *Id.* at 336, 69 A.2d at 821.

*LeBrun* dealt with a petition for specific compensation for the permanent total loss of the use of the petitioning employee's left hand. The petition was brought under G. L. 1956, §28-33-19, as amended by P. L. 1963, ch. 50, sec. 1, and was heard together with two petitions filed by the employee seeking to amend a preliminary agreement for specific compensation previously entered into. The original preliminary agreement provided that specific compensation would be paid to petitioner under the law in effect

at the time when petitioner sustained his original injury and prior to the 1963 amendment which provided for larger benefits.

In *LeBrun* we discussed *Santilli* v. *Liberty Mutual Ins. Co.*, 86 R. I. 406, 135 A.2d 834 (1957), where by error the commission awarded compensation that was for a period of time shorter than that provided for by the controlling statute. In *Santilli* we held that, compensability having been established, the commission has no further determination to make with respect to the compensation to be paid or the number of weeks for which it is to be continued. We further held that the amount of the compensation and the period over which it shall be paid is expressly provided for in the statute, and that when compensability is established, there is no further judicial action that the commission can take to fix such an award in terms other than those provided for in the statute. In *Santilli* we corrected the decree to comply with the statute.

The issue in *LeBrun* was whether the amount of his specific compensation was based on the statute in effect at the time he sustained his original injury or whether it was based on the statute in effect at the time it was learned his condition was permanent. We held that the pertinent statute disclosed a legislative intent that an injured worker be entitled to specific compensation provided for therein at the time when the uselessness of the bodily member or portion thereof becomes permanent. *See LeBrun* v. *Woonsocket Spinning Co., supra* at 255-56, 258 A.2d 564. We further held that the preliminary agreement entered into by the parties in that case was a nullity because it failed to provide for the payment of compensation in the amount and over the period provided for in the statute in effect at the time the employee's specific injury became compensable. *Id.* at 259, 258 A.2d at 565-66.

Here petitioner attempts to bring the case at bar under

the umbrella of *De Asis* and *LeBrun* by claiming that in February 1970, at a time when a compensation rate was larger, she became disabled as the result of an aggravation or flaring up of the original injury and that therefore the rate in effect at that time, rather than that in effect when she first sustained her injury on June 12, 1969, should control. She refers to the doctrine set forth in *Bishop* v. *Chauvin Spinning Co.*, 86 R. I. 435, 136 A.2d 616 (1957) and *Palmer* v. *Friendly Pharmacy, Inc.*, 84 R. I. 98, 121 A.2d 665 (1956), concerning the effect of the aggravation or flaring up of a pre-existing condition or infirmity.

A mere reading of *De Asis* and *LeBrun* is sufficient to show that those cases are of no help to petitioner. In the case at bar we do not reach, and, therefore, need not determine, the question of aggravation of a pre-existing injury. But even if we did, *Chauvin Spinning Co.* and *Friendly Pharmacy, Inc.*, both *supra*, would not be of any help to petitioner. Those cases did not involve situations in which a preliminary agreement had been entered into.

The controlling statute here is G. L. 1956 (1968 Re-enactment) §28-35-5, which provides for appeals from approved agreements and which reads as follows:

> "No appeal shall lie from the agreement thus approved unless upon allegation that such agreement has been procured by fraud, coercion or mutual mistake of fact; provided, however, where the agreement, due to accident, mistake, unforeseen cause or due to failure to correctly diagnose the injury, fails to set out correctly all the injuries received by the injured employee or fails to set out all parts of the body affected by such injuries, then upon petition, setting forth all the additional facts, filed by the aggrieved party and served in the same manner as is provided for in chapters 29 to 38, inclusive, of this title for all other petitions for review, the workmen's compensation commission shall hear any and all such petitions

and make its decision in accordance with the provisions of said chapters."

This statute was construed in *Landry* v. *Cornell Constr. Co.*, 87 R. I. 4, 137 A.2d 412 (1957).[2] In that case the parties had entered into a preliminary agreement which set forth the rate for total incapacity of $28 per week. The agreement was duly approved by the director of labor. The petitioner filed an employee's petition to amend the preliminary agreement to increase the weekly compensation rate from $28 to $32 per week, based upon an amendment to the prior statute. The narrow issue before the court in *Landry* was whether, in the circumstances of that case, the Workmen's Compensation Commission had jurisdiction to amend the preliminary agreement. In holding that the commission lacked such authority, we said:

"We are not aware of any provision in the workmen's compensation act which expressly or by necessary implication confers upon the commission the power to amend a preliminary agreement in this respect and petitioner has failed to cite any such provision. The commission is a creature of the statute and derives therefrom whatever power it may possess. The only power which it has to correct alleged errors or omissions in preliminary agreements is that provided in art. III, section 1. Relief of the nature sought by the instant petition is not included thereunder. Nor is it included under art. III, sec. 12, which vests the commission with power to entertain petitions for review of 'any agreement, award, order, finding, or decree' where it is alleged 'that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage.' We are, therefore, of the opinion that

[2]*See also Boccarossa* v. *Nationwide Ins. Co.*, 104 R. I. 711, 715, 248 A.2d 593, 595 (1968); *Wynne* v. *Pawtuxet Valley Dyeing Co.*, 101 R. I. 455, 460, 224 A2d 612, 615 (1966); *Olbrys* v. *Chicago Bridge & Iron Co.*, 89 R. I. 187, 191, 151 A.2d 684, 686 (1959).

the petition should have been denied and dismissed for lack of jurisdiction." *Id.* at 7-8, 137 A.2d at 414.

*Landry* v. *Cornell Constr. Co., supra,* is controlling here and therefore the petitioner's attempt to relitigate issues settled in the preliminary agreement must fail. The commission correctly held that it lacked jurisdiction to entertain or determine the petitioner's instant petition.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Lovett and Linder, Ltd., Raul L. Lovett, Edward E. Dillon, Jr.,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer, Anthony F. DeMarco,* of counsel, for respondent.