**Vincent DeVITO**

v.

**UNIROYAL, INC.**

**No. 82–568–Appeal.**

Supreme Court of Rhode Island.

April 30, 1985.

---

Milton Bernstein, Providence, for petitioner.

Robert K. Argentieri, Carroll Kelly & Murphy, Providence, for respondent.

## OPINION

MURRAY, Justice.

The employee, Vincent DeVito (DeVito), appeals from a decree of the Workers' Compensation Commission dismissing his two original petitions for compensation. The commission held that it lacked jurisdiction to consider the petitions. We affirm.

The pertinent facts of this case stretch back some forty years, to May 30, 1944. On that date, the employee became incapacitated as a result of a strained right wrist referrable to his employment with the United States Rubber Company (now the employer Uniroyal, Inc.). As evidenced by a preliminary agreement of June 17, 1944, DeVito's strained right wrist resulted from an accident of November 5, 1943. Mr. DeVito was compensated at a rate of $20 per week, based on an average weekly wage of $39.68, until September 12, 1944, when he returned to work. He was compensated

again for a strained right wrist under a November 1945 agreement that again indicated the date of accident as November 5, 1943. He returned to work shortly thereafter. In three subsequent preliminary agreements, dated November 1969, January 1971, and April 1971, DeVito was compensated for carpal tunnel syndrome and nerve compression of the right wrist. Each of these three agreements, like the previous two, listed the date of injury as November 5, 1943, compensated the employee at the rate of $20 per week, and was approved by the director of labor. The last incapacity was permanent and began on April 5, 1971. The employee received and accepted $20 per week until June 24, 1975, when the maximum amount payable under the Workers' Compensation laws then in effect was reached.

On January 19, 1976, the employee filed the first of the two original petitions now at issue, alleging injury to his right wrist on October 1, 1969 and resulting incapacities from November 4, 1969, to January 18, 1970; January 18, 1971, to February 14, 1971; and April 6, 1971 and continuing. On July 14, 1976, DeVito filed the second original petition now on review, alleging "[r]ight carpal tunnel syndrome due to median nerve compression; severe degenerative arthritis to bones of the right wrist; [and] realignment of the bones of the right wrist." The employee further alleged that this injury first occurred in the years 1958 through 1969 as a result of his routine duties for the employer, that is, "constant use of impact tools, power drills, and wrenches." The dates of incapacity listed in his second original petition are identical to those listed in his first original petition.

A trial commissioner rendered a decision in W.C.C. # 76–1183 (the second original petition) on November 3, 1977, denying and dismissing DeVito's original petition for lack of jurisdiction. The trial commissioner stated that "the petitioner in this case is seeking to convert the November 5, 1943 injury into a new injury in November, 1969 rather than as a recurrence of the 1943 injury." The commissioner opined that "[t]he obvious reason for attempting to do so is that the benefits would be greatly increased if he were able to establish a new injury in 1969."

A decree was entered dismissing W.C.C. # 76–1183 on November 11, 1977. In the companion case, W.C.C. # 76–100, the trial commissioner referred the parties to his earlier decision and denied and dismissed that petition. The employee timely filed his claim of appeal as to both petitions to the appellate commission.

On November 1, 1982, the appellate commission rendered its decision in W.C.C. # 76–1183, holding in pertinent part that

"[p]etitioner's contention that the trial commissioner erred in finding that the Workers' Compensation Commission lacked jurisdiction to hear this matter is without merit.

"The most recent preliminary agreement, dated April 5, 1971, is clear and unambiguous. Pursuant to that document petitioner was to receive, and did receive, compensation commencing April 5, 1971, for incapacity resulting from an injury of November 5, 1943. No suspension agreement was ever filed. The preliminary agreement dated April 5, 1971 is still operative. Were it not for a statutory maximum then in effect, petitioner would still be receiving compensation pursuant to that preliminary agreement. It was not until the petitioner had reached the limit to which he was entitled under the statute that he filed the instant petition.

"The petitioner cannot, in 1976, file an original petition alleging an injury in 1969. Such a filing is not within the statute of limitations and, therefore, not within the jurisdiction of the Workers' Compensation Commission. Likewise, there is no jurisdiction for the Workers' Compensation Commission to alter a preliminary agreement as the petitioner now seeks to have done. *See DeBerardis v. Davol, Inc.*, 112 R.I. 746, 316 A.2d 337 (1974)."

A final decree was entered by the appellate commission on November 8, 1982. It likewise entered a final decree as to W.C.C. # 76–100, referring back to its decision in W.C.C. # 76–1183. Both petitions were denied and dismissed for lack of jurisdiction. The employee now appeals to this court.

Implicit in the appellate commission's decision is a finding that the 1969 and 1971 incapacities were recurrences of DeVito's 1943 injury. The employee himself admitted as much by executing the three preliminary agreements from 1969 to 1971, all of which clearly state the date of injury as November 5, 1943. Not only did DeVito execute these agreements, but he accepted benefits pursuant to them for the maximum number of weeks then provided by law. Only when the benefits were terminated did he collaterally attack the agreements by filing the two original petitions at issue. We think that the appellate commission was correct in finding that it had no jurisdiction over those petitions.

The case of *De Berardis v. Davol, Inc.,* 112 R.I. 746, 316 A.2d 337 (1974), is controlling in the case at bar. In *De Berardis,* an original petition was filed with the commission which sought to change the date of injury on an approved compensation agreement so that the employee could obtain increased benefits. This court held that in the absence of allegations of fraud or other statutory authority to amend the approved agreement, the commission did not err in finding that it had no jurisdiction to hear the employee's original petition.

The employee has not plead any statutory grounds to amend the 1969 and 1971 preliminary agreements. *See* G.L.1956 (1979 Reenactment) § 28–35–5. The two petitions before this court are original petitions. They seek to recover compensation for periods for which there were (and are) outstanding agreements, valid on their face and approved by the director of labor. The appellate commission was correct in denying jurisdiction over these petitions.

The appeal of the employee Vincent De-Vito is denied and dismissed. The decree of the appellate commission is affirmed.