CARMINE CATOIA *vs.* EASTERN CONCRETE PRODUCTS CO., INC.

JULY 31, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an employee's original petition for workmen's compensation under general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. It was heard by a single commissioner who entered a decree including a finding that the petitioner was not incapacitated after

July 15, 1954. From a decree of the full commission affirming the decree of the single commissioner, the petitioner has appealed to this court.

In support of his appeal petitioner has filed three specific reasons of appeal. However, in his brief he has reduced these to two issues: First, whether the fourth finding in the decree "That the petitioner was totally disabled from January 23, 1953 until July 15, 1954 on which date he had fully recovered his earning capacity" is supported by legal evidence; and secondly, whether the decree is erroneous as a matter of law in failing to award petitioner compensation for partial disability after July 15, 1954.

The petitioner's contention is that there is no legal evidence to support the decree finding that petitioner had fully recovered his earning capacity on July 15, 1954. If this contention is correct the decree appealed from is erroneous as a matter of law. See *Jillson* v. *Ross*, 38 R. I. 145, and *Berkshire Fine Spinning Associates, Inc.* v. *Label*, 74 R. I. 6. On the other hand if there is any legal evidence to support the decree appealed from, this court has no power under our workmen's compensation act to weigh the evidence and to determine for ourselves where the preponderance thereof lies. *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335, 116 A.2d 181; *Fiore* v. *Wanskuck Co.*, 83 R. I. 344, 116 A.2d 186; *Narragansett Hotel, Inc.* v. *Mallozzi*, 81 R. I. 389.

Therefore we must first determine whether there is any evidence to sustain the commissioner's finding that the employee had fully recovered his earning capacity on July 15, 1954. In substance his testimony amounted to an absolute assertion of his inability to do any kind of work from the date of the injury and as a direct result thereof. Doctor A. A. Savastano and Dr. Edmund B. Curran also testified for petitioner.

Doctor Savastano, who examined petitioner four times, testified that on February 19 and on September 1, 1953 he found him totally disabled; that on July 15, 1954 the em-

ployee was able to return to work but with the reservation that he do light work until he became reacclimated to his work as a laborer; that he could do limited bending and lifting, but he did not believe petitioner would be able to raise concrete slabs which weighed approximately 200 pounds many times a day, as this would endanger his getting injured again; and that he could work at a bench in a jewelry factory shaping rings. The doctor examined him again on May 4, 1955 and testified he saw little change from his last examination and that accordingly his opinion as to petitioner's ability to work was the same as on July 15, 1954.

Doctor Curran examined petitioner at his office on May 20, 1955, at the time of the hearing before the single commissioner. He testified that in his opinion it would be unreasonable and inhuman to expect the employee to do any laboring work involving heavy lifting and bending as of the date of the examination, and that if he did such work he would at all times be in pain of such severity as to make him sweat. He further testified that the employee could do bench work where he could get up once in a while and walk up and down, and that he could work shaping rings in a jewelry factory.

On the other hand Dr. Vincent Zecchino and Dr. William V. Hindle examined the employee for respondent. Doctor Zecchino examined him on May 5 and on October 28, 1953. He testified that on both examinations he found no evidence of disability and that in his opinion petitioner was able to make an attempt to resume his former occupation. He further testified that the employee could return to and perform some heavy work.

Doctor Hindle testified that he examined petitioner on May 17, 1954, and based thereon it was his opinion that the employee was capable of doing his former work, whether it was picking up heavy slabs or anything else of a heavy nature. In brief, he considered the employee capable of returning to his regular employment.

It is obvious from an examination of the record and decision that the single commissioner did not accept the testimony of Dr. Zecchino and Dr. Hindle as to the duration of petitioner's total incapacity, since Dr. Zecchino had testified that as of October 28, 1953 he could return to and perform heavy work. Doctor Hindle had testified that as of May 17, 1954 petitioner was capable of returning to his former regular employment. Notwithstanding this testimony the commissioner found that the employee's total incapacity did not end until July 15, 1954, thus rejecting completely the testimony of both these doctors, one of whom had examined petitioner on May 5 and October 28, 1953 and the other on May 17, 1954.

In the circumstances, having completely rejected such testimony of these doctors the single commissioner could not later use it to show that petitioner had no partial incapacity on and *after* July 15, 1954, since neither doctor had examined him again and therefore was not in a position to know anything about his condition at that time. Without the testimony of these doctors there was no legal evidence presented at that hearing to justify a finding that petitioner had fully recovered his earning capacity on July 15, 1954. The only legal evidence on that issue was the testimony of the petitioner, of Dr. Savastano, and of Dr. Curran, which was to the effect that the employee could not do the same kind of work which he performed before the injury without endangering himself and that he had not fully recovered his earning capacity. These two doctors testified, however, that he could do light work which did not involve heavy lifting or bending. When that decree was reviewed by the full commission the record was therefore lacking in evidence to support the single commissioner's decree which they affirmed.

From a careful reading of the transcript we find no legal evidence to support the finding of fact by the commission that the employee had fully recovered his earning capacity

on July 15, 1954. It is therefore our opinion that the decree appealed from is erroneous to that extent. However, since there is evidence to show that the petitioner was only partially incapacitated after July 15, 1954, but not enough evidence to determine the extent thereof, the instant cause should be sent back to the workmen's compensation commission for a hearing and a finding as to the extent of his diminished earning capacity. *Wareham* v. *United States Rubber Co.*, 73 R. I. 207.

The petitioner's appeal is sustained in part, the decree appealed from is reversed as above indicated, otherwise it is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Charles H. Anderson*, for petitioner.

*Francis V. Reynolds, Richard P. McMahon*, for respondent.