ANTHONY MASCIO *vs.* KAUFMAN DEVELOPMENT CORP.

FEBRUARY 25, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

142

ROBERTS, J. This is an employee's original petition for compensation under the workmen's compensation act. The case was heard by a single commissioner, who thereafter found that the petitioner injured his back on May 4, 1956; that he was totally incapacitated from May 8 to May 24, 1956, on which date he recovered from the injury; and that any disability subsequent to May 24, 1956 was not due to the injury of May 4, 1956. The petitioner appealed the decree of the single commissioner to the full commission which, after a hearing, found that the petitioner had recovered from the injury of May 4, 1956 and had returned to work on May 29, 1956. The full commission affirmed the decree of the single commissioner as thus modified. The case is before us on the petitioner's appeal from that decree.

There is no dispute that petitioner was employed by respondent on Friday, May 4, 1956, and on that day was assisting his foreman to remove wooden forms into which cement had been poured. Neither is it substantially disputed that while so engaged petitioner sustained an injury to his lower back. The commission found that this injury resulted in total incapacity from which petitioner had recovered completely on May 29, 1956, and compensation for total incapacity has been paid petitioner up to that date. As

above stated, the commission also found that any disability from which he suffered subsequent to May 29, 1956 was not a result of the injury sustained on May 4, 1956. The question presented to us by petitioner is whether this latter finding is supported by legal evidence. It is now well settled that findings of the workmen's compensation commission, when supported by legal evidence, are conclusive and binding upon this court and that on appeals from decrees of the commission we are without authority to weigh the evidence. *Catoia* v. *Eastern Concrete Products Co.*, 84 R. I. 402, 124 A.2d 864; *Northrop* v. *Uncas Mfg. Co.*, 84 R. I. 418, 124 A.2d 876.

The petitioner testified that between 10 and 11 a.m. on Friday, May 4, while lifting one of the cement forms above described, he felt a pain in his back which he described as "a sharp pain in my back and down to my legs." He worked the rest of Friday, experiencing considerable pain, and on Monday he returned to work and worked through the day although he again felt severe pain, particularly while bending and lifting. On Tuesday, May 8, he again began to work and experienced substantial pain. He testified that about 3 p.m. on that day he was no longer able to stand the pain and he left work and went to the office of Dr. A. A. Savastano, an orthopedic surgeon in Providence.

Doctor Savastano saw petitioner on several occasions after May 8 and prescribed periodic therapy for his back condition. He testified that during this period the condition of petitioner's back improved substantially, but he further testified that on September 21, 1956 he found him to be totally disabled.

The petitioner testified that the day before Memorial Day 1956, that being May 29, he went to work as a laborer on a job in Ashton in this state and was required, among other things, to mix mortar for the use of masons, which he did with a hand shovel. According to his testimony he did this work the first day without experiencing any pain

or discomfort and worked a full eight hours, but on the second day he began to experience pain which became so intense that after working seven hours he had to stop.

There is also evidence in the record that petitioner has a long history of injuries to his lower back, the first of which happened in 1939. Most of these injuries were followed by periods of disability, for some of which he was paid compensation under the act. In January 1954 he sustained a disc injury for which he underwent surgery, and thereafter on November 23, 1955 he sustained another injury to his lower back when he fell through a trap door. Throughout most of this period he was under the care of Dr. Savastano, who testified that because of these repeated injuries to his lower back petitioner is predisposed to straining types of back injuries and that "he has a back which is prone to injury."

Doctor Savastano also testified that in his opinion petitioner's injury of May 4, 1956 was an aggravation of his back condition and further that petitioner could not do any heavy work without having a recurrence of his back injuries. This witness also testified that the work of petitioner in manually mixing mortar with a hand shovel, which the evidence shows he performed on and after May 29, 1956, probably aggravated his prior back injury.

There is also evidence that petitioner was examined by Dr. Henry Fletcher on June 12, 1956 on behalf of respondent and was found to be totally disabled. According to Dr. Fletcher, at that time petitioner was suffering from a low back sprain. The doctor testified that he was aware of the disc surgery undergone by petitioner and that, while he was of the opinion that petitioner had made a good recovery from that surgery, he had residuals of the disc injury which are susceptible to aggravation. It was his further opinion that the work undertaken by petitioner on May 29, that is, mixing mortar with a hand shovel, would aggravate his prior back condition and that his condition on June 12,

when he examined him, was consistent with such an aggravation.

We have carefully examined in its context in the record the evidence to which we have directed attention above and conclude that it submits to an inference that the incapacity of petitioner after May 29, 1956 resulted from an aggravation of his prior injury by the work which he performed on or after said May 29 and that on the inference so drawn it was reasonable for the commission to base its finding that the petitioner's disability after May 29 was not a result of the injury of May 4, 1956. In compensation cases a party is not to be denied the benefit of a reasonable inference that logically and naturally arises from the evidence. *Valente* v. *Bourne Mills,* 77 R. I. 274, 277.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Arcaro & Belilove, Abraham Belilove,* for petitioner.

*Higgins, Cavanagh & Williamson, Joseph V. Cavanagh, Joseph C. Johnston, Jr.,* for respondent.