MURRAY GARTNER *v.* JACKSON'S, INC.

FEBRUARY 14, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

490

PAOLINO, J. This is an original petition for benefits under the workmen's compensation act. After a hearing before the trial commissioner a decree was entered denying and dismissing the petition. The cause is before us on the petitioner's appeal from the decree of the full commission affirming the decree of the trial commissioner.

The questions presented on this appeal are whether the evidence supports the commission's findings that petitioner was not an employee of the respondent corporation within the meaning of the act and that the heart attack suffered by him on May 29, 1959 was not causally connected with his employment. In considering this appeal we shall assume, without deciding, that he was an employee within the meaning of the act. We shall examine the record to determine whether the finding that his heart attack was not causally connected with his employment is supported by the evidence.

The petitioner was the president, treasurer and a member of the board of directors of the respondent corporation. The other members of the board were his mother, his sister, and the attorney for his father's estate. He owned no stock in the corporation. All of the stock was held in the name of his father's estate, which was being administered by petitioner, his mother and sister, and the attorney for the estate, as coexecutors. Prior to April 8, 1959 petitioner's du-

ties were mostly supervisory in nature. He testified that after that date the nature of his duties changed from supervisory to physical labor involving the lifting of cases of food and other merchandise and moving them from place to place in the premises occupied by respondent.

At the time of the hearing before the trial commissioner in May 1961 petitioner was forty-two years of age. He testified that on or about March 25, 1959, while hoisting grocery cartons from one department to another, he was stricken with severe pains in his chest. Shortly thereafter, on April 2, 1959, he consulted Dr. Joseph G. McWilliams, a specialist in cardiology, who performed an electrocardiogram. This test showed some abnormal condition.

The petitioner continued to work. On May 25, 1959 he saw Dr. McWilliams again, complaining of severe pains and tightness in his chest which were precipitated by exertion. Doctor McWilliams made a diagnosis of angina pectoris and advised hospitalization but the petitioner continued to work.

This petition is essentially based on certain events which occurred on May 29, 1959. He testified that he was filling the shelves of the grocery department; that the storage area for all this merchandise was in the basement storage shelves; that he had been lifting grocery, drugs and cosmetic cases from the shelves onto a roller truck; that the truck was then pushed by him onto an elevator which rose to the first floor; that he then pushed the truck to the display shelves where he opened the cartons and transferred the merchandise from the cartons to the shelves; and that he judged some of these cartons weighed sixty pounds.

He testified that he had been doing this work for about two hours when, about midafternoon, he began to feel chest pains, nausea and slight dizziness; that he went home to bed; that Dr. McWilliams was called that evening; and that on the following day he was admitted to the Roger Williams General Hospital. The diagnosis made at the

hospital was "Infarction of Myocardium due to Arteriosclerotic Coronary Thrombosis." He remained at the hospital under the care of Dr. McWilliams for three weeks. After his release he had another serious heart attack and on August 22, 1959 he was again admitted to the Roger Williams General Hospital where he remained for five weeks under the care of Dr. McWilliams.

The petitioner did not return to work after May 29, 1959. At the hearing he testified that he was still under the care of Dr. McWilliams and that he was not able to work.

Doctor McWilliams testified on direct examination that in his opinion the heart attack suffered by petitioner on May 29 or 30, 1959 was causally related to his work and was probably precipitated by undue physical exertion. In cross-examination he stated that undue physical exertion "could" have been a precipitating cause.

Doctor Frank B. Cutts, a specialist in cardiology, was presented as an expert medical witness by respondent. He testified that he examined petitioner on May 19, 1961; that in his opinion there was no causal relationship between the heart attacks suffered on May 29, 1959 and August 22, 1959 and petitioner's employment; and that both attacks were coincidental. He also stated that it was his impression that petitioner's condition probably "was a relentless development of his disease which first became evidenced as angina and would have occurred whether he had gone into the hospital or whether he had continued to work." On cross-examination he admitted that he could not separate the relationship between petitioner's work and the attack "positively a hundred percent."

With respect to petitioner's claim of increased physical activity, Dr. Cutts stated that according to his standards he "did not regard this as severe, excessive or that which would involve a strain and be dangerous to him." He based his testimony on his physical examination of petitioner,

upon certain tests which he performed, upon the history which petitioner had given him, and upon his examination of the hospital records and a note given to him by Dr. McWilliams.

The pertinent findings of fact in the decree of the commission denying and dismissing the petition are as follows:

"2. That the petitioner has failed to prove by a fair preponderance of the credible evidence that the work which he was doing required such physical exertion over and above his usual activities as could be said to be the reason or the precipitating cause of the heart attack of May 29, 1959.

"3. That the petitioner has failed to prove by a fair preponderance of the credible evidence that on or about May 29, 1959 the petitioner sustained a personal injury, to wit: an injury to his heart which arose out of or was sustained in the course of his employment with the respondent or was connected therewith or was referable thereto."

In considering the issue whether petitioner's heart attack on May 29, 1959 was causally connected with his employment we deem it important to point out that, absent unusual physical exertion on that date, there is no evidence in the record to connect the heart attack with petitioner's employment.

Under point 1 in his brief the petitioner argues that finding numbered 2 is against the evidence and the weight thereof. Under the act we cannot pass on the weight of the evidence. The only question before us on this issue, therefore, is whether there is any evidence in the record to support this finding.

The evidence on this factual situation is in conflict. Doctor Cutts testified that in his opinion the work which petitioner was performing on May 29, 1959 was not an unusual physical exertion such as to have caused or precipitated a heart attack. Doctor McWilliams, on the contrary, testified that the attack was probably precipitated

by undue physical exertion by petitioner on May 29, 1959. The commission considered the conflicting medical opinions of Drs. Cutts and McWilliams together with the other evidence and the reasonable inferences therefrom, clearly gave more weight to Dr. Cutts' testimony and found accordingly. Its finding of fact on the conflicting medical testimony on this issue is conclusive on this court under the statute.

Under point 2 petitioner also contends that finding of fact numbered 2 is against the law. He argues that the act does not require proof that the heart attack was caused or precipitated by undue or unusual physical exertion. We agree that the act does not require such proof but he gains nothing by such argument since the record is devoid of any indication that the commission ruled as a matter of law that such proof was necessary or required under the act.

As we have already stated, the medical testimony on the question was in conflict and, in the circumstances, the commission merely made a finding of fact that petitioner had failed to prove by a fair preponderance of the credible evidence that the work which he was doing required such physical exertion over and above his usual activities as could be said to be the reason or the precipitating cause of the heart attack on May 29, 1959. This was a finding of fact, not a ruling of law.

In 1949 the act was amended and the phrase "personal injury by accident arising out of and in the course of his employment" was changed to read "personal injury arising out of and in the course of his employment, connected therewith and referable thereto * * *." The words "by accident" were deleted from the act. We are informed by counsel that since then no case involving heart attacks in compensation proceedings has been decided by this court. But in *Shoren* v. *United States Rubber Co.*, 87 R. I. 319, we considered the significance of the deletion of the words "by accident." In defining the words "personal injury" we

adopted the definition in *Madden's Case*, 222 Mass. 487, 491, and quoted with approval the following: " 'Personal injury' is materially broader in its scope than is 'personal injury by accident.' 'Personal injury' standing by itself comprehends a wide range of physical harm."

In our opinion the important factor in heart attack cases is not whether the nature of the work performed by an employee involves usual or unusual physical exertion, but rather whether such work, whatever its nature, caused or precipitated the heart attack. The true test is whether there is a causal connection between the employee's work and the heart attack. See *Brzozowski's Case*, 328 Mass. 113, and *Liberty Mutual Ins. Co.* v. *Industrial Accident Comm'n*, 73 Cal. App. 2d 555.

Under point 3 petitioner contends that the commission did not correctly weigh the medical evidence. We interpret petitioner's contention to mean that in evaluating the medical testimony the commission erred as a matter of law in interpreting Dr. McWilliams' testimony under cross-examination that the work of the petitioner on the particular day "could have been a precipitating cause" of the coronary attack. In its decision the commission noted that the use of the words "could have been" merely indicated a possibility rather than a probability, and for this reason the commission felt the doctor had "weakened somewhat" in his testimony.

In our opinion petitioner's argument on this issue lacks merit. The commission was merely evaluating the conflicting medical testimony and gave its reason for rejecting the testimony of Dr. McWilliams on the issue of causal connection. After considering such testimony and all the evidence before it the commission made finding numbered 3 hereinbefore quoted.

The only question before us is whether there is any evidence which supports this finding. As we have already stated, Dr. McWilliams testified that in his opinion the

heart attack was causally related to petitioner's work and was brought on by the undue exertion which was over and above his usual activities. On the other hand Dr. Cutts testified that in his opinion petitioner's work in no way contributed to the heart attack. The issue of causal connection is an issue of fact. The commission's finding thereon is supported by the testimony of Dr. Cutts. Causal connection having been thus determined by the commission on conflicting evidence, the finding of fact on that issue is binding on this court under the statute. See *Russell* v. *Liberman*, 71 R. I. 448, 453. *See also Liberty Mutual Ins. Co.* v. *Industrial Accident Comm'n*, 73 Cal App.2d. 555, 559.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Carmine R. DiPetrillo,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.