David GAINES

v.

SENIOR CITIZENS TRANS., INC.

No. 81-244—Appeal.

Supreme Court of Rhode Island.

Feb. 21, 1984.

Richard A. Skolnik, Frederick G. Cass, Abedon, Michaelson, Stanzler, Biener, Skolnik & Lipsey, Providence, for petitioner.

Harold E. Adams, Jr., Stephen B. Lang/Mark McKenney, Higgins, Cavanagh & Cooney, Providence, for respondent.

## OPINION

WEISBERGER, Justice.

This is an employee's appeal from a decree denying and dismissing his petition for compensation under the Workers' Compensation Act. The employee sought compensation for incapacity resulting from a heart attack that he alleged was precipitated by the stressful conditions of his employment. The trial commissioner entered a decree denying and dismissing the employee's petition. The appellate commission affirmed, and the employee now appeals.

The appellate commission, after examining the record and weighing the evidence, made its own independent findings of fact. The commission held that employee failed to prove by a fair preponderance of the credible evidence that his heart attack was causally connected to his employment. The sole issue before this court is whether the record contains any legally competent evidence which supports the commission's finding that there was no nexus between employee's heart attack and his employment. Since the record contains such evidence, we affirm.

The employee was a sixty-six-year-old male with an eight-year history of hypertension. At the time of his heart attack, he was employed as the finance officer for Senior Citizens Transportation, Inc. (employer) from 1974 to 1978. Prior to that

time, he had been controller of a large jewelry firm for approximately thirty years. The employer was a nonprofit government-subsidized corporation that provided free transportation services to the elderly and the handicapped. The employee's primary responsibilities were to manage monies from government sources and to meet from these funds the costs of employer's operation. These costs consisted principally of a $12,000 weekly payroll, as well as other expenses incident to employer's business.

During employee's first two years of service with employer, the Federal Government provided employer with an annual grant of money augmented by a matching grant from the State of Rhode Island. These monies constituted employer's working capital for the ensuing fiscal year. In the last two years of employee's service, funding was provided solely by the State of Rhode Island under a reimbursement plan whereby employee was required to meet employer's expenses as they became due and later, upon presentment of bills and invoices, be reimbursed by the state for amounts paid out. The employee testified before the trial commissioner that under the latter plan, a chronic difficulty existed in satisfying employer's financial obligations because the state's reimbursements were frequently not timely. On one occasion employee was forced to defer payment of the payroll for lack of funds. He stated that the budgetary problems forced him to engage in short-term borrowing and placed him in a precarious position with creditors. The employee testified that such conditions caused him intense worry and anxiety not only while on the job but also while at home.

During the early morning hours of Sunday, November 26, 1978, employee was seized with chest pain. He was taken to the Rhode Island Hospital emergency room and was admitted because of symptoms related to "unstable coronary disease," that is, chest pain related to decreased blood flow to the heart. During his hospital stay, employee underwent a cardiac catheterization. The record shows that employee suffered a myocardial infarction either during or shortly following the procedure. Following his discharge from the hospital, employee did not return to his employment. The fact that employee was disabled and unable to resume employment was undisputed by the parties.

In proceeding under G.L.1956 (1979 Reenactment) § 28–33–1, employee had the burden to establish by a fair preponderance of the evidence that his heart attack arose out of and in the course of his employment and was connected therewith and referable thereto. *Natale v. Frito-Lay, Inc.,* 119 R.I. 713, 716–17, 382 A.2d 1313, 1314–15 (1978); *see Gartner v. Jackson's, Inc.,* 95 R.I. 489, 495, 188 A.2d 85, 88 (1963). We stated in *Gartner:*

> "In our opinion the important factor in heart attack cases is not whether the nature of the work performed by an employee involves usual or unusual physical exertion, but rather whether such work, whatever its nature, caused or precipitated the heart attack. The true test is whether there is a causal connection between the employee's work and the heart attack." *Id.* at 495, 188 A.2d at 88.

∎ We held in *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. 440, 399 A.2d 1229 (1979), that the issue of whether a claimant's injury arises out of his employment is a mixed question of law and fact. *Id.* at 449, 399 A.2d at 1234. A question of law regarding the causal connection between injury and employment arises only when the facts as found by the commission and supported by the evidence lead reasonable minds to but one conclusion. Only in that case will this court substitute its judgment for that of the appellate commission. *Dawson v. A. & H. Mfg. Co.,* R.I., 463 A.2d 519, 521 (1983). On the contrary, a finding of fact is solely within the province of the commission; and provided that there is competent legal evidence to support it, this court will not disturb it. *Spikes v. State,* R.I., 458 A.2d 672, 673 (1983); *Bottomley v. Kaiser Aluminum & Chemical Corp.,* R.I., 441 A.2d 553, 554–55 (1982). Our function,

therefore, in reviewing the appellate commission is a limited one. We do not weigh the evidence or measure the credibility of witnesses. Our duty on appeal is to determine whether there is evidence—any legally competent evidence—in the record which supports the findings of fact made by the appellate commission. Guided by this standard of review, we now address the record before us.

In the instant case, the commission was presented with the conflicting testimony of two medical experts concerning the cause of employee's heart attack. One physician attributed the condition to the stress of employee's employment. The other attributed it to other predisposing factors known to be related to myocardial infarction. In the face of such testimony, the commission made a factual determination in respect to the cause of employee's heart attack and concluded therefrom that the injury was not related to his employment. In response to a hypothetical question calling for his opinion about what caused employee's heart attack, employer's medical expert, a cardiologist, stated that "[h]eart attacks are caused by hardening of the arteries, a chronic process which constricts the blood flow * * * to the heart. That is clearly [shown] and was documented * * * to be present in this patient." He further testified:

"A. Yes, I have an opinion.

"Q. And what is that opinion?

"A. The opinion is that it is not probable that the stress from the job caused the heart attack.

" * * *

"Q. Now then you are drawing your attention to certain pre-disposing factors that Mr. Gaines had, is that correct?

"A. Correct.

"Q. What were those pre-disposing factors that he had on admission?

"A. He has, from the record, high blood pressure, long standing; high cholesterol in the past; and family history of heart trouble."

When specifically asked if stress could lead to heart attack, employer's medical witness conceded that he knew of studies in which stress had been linked to heart attack. However, he noted emphatically that despite his general acceptance of the theory that there exists some relationship between myocardial infarction and stress does exist, in employee's case the heart attack was related to the presence of other predisposing factors and not to stress.

In our opinion, competent evidence supporting the appellate commission's finding is unequivocally present in the record. Whether the medical testimony advanced by the employee was stronger or weaker, more credible or less credible, than that presented by the employer was a matter for the commission to decide. It is not within our province to assess the weight or credibility of expert testimony. We hold that the appellate commission's decision was based upon legally competent evidence, and we therefore may not disturb such finding on review.

For the reasons stated, the employee's appeal is denied and dismissed. The final decree of the appellate commission is affirmed. The papers in the case may be remanded to the Workers' Compensation Commission.